IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00320–PAB–KMT

MARK ALAN STREPKA,

    Plaintiff,

v.

SERGEANT GERALD JONSGAARD, Individually and his official capacity as Aurora City Police Officer, and
CITY OF AURORA, COLORADO, a second class city and a municipal corporation of Colorado,

    Defendants.

## ORDER

    This matter is before the court on Plaintiff's "Request for United States Marshal's Service to Serve Subpoena Duces Tecum." (Doc. No. 30.) Plaintiff is detained at the Arapahoe County Detention Facility (ACDF). (*Id.* at ¶ 1.) He seeks to subpoena his medical records from January 21, 2009 through the present from the ACDF records supervisor. (*Id.* at ¶ 5.) Plaintiff has not submitted any witness fees or mileage fees. (*Id.* at ¶ 6.) Although the court ordered Defendants to respond to Plaintiff's Motion by August 20, 2010, Defendants did not file a response until August 25, 2010. (Doc. No. 36.) Defendants take no position regarding Plaintiff's request. (*Id.*)

Federal Rule of Civil Procedure 45 provides that a subpoena may be served by any person not a party to the case and that such service is effectuated by tendering the subpoena, along with the fees for one day's attendance and the mileage allowed by law to the witness. *See* Fed. R. Civ. P. 45(b)(1); *Smith Bey v. Gibson*, No. 04-cv-01050-MSK-PAC, 2007 WL 778626, *1 (D. Colo. Mar. 9, 2007) (discussing Rule 45). The United States Marshal is responsible for serving subpoenas on behalf of *pro se* parties if the court so directs. *See* 28 U.S.C. § 566(c); *see also Smith*, 2007 WL 778626 at *1 n.2.; *Windsor v. Martindale*, 175 F.R.D. 665, 669 (D. Colo. 1997).

Plaintiff is proceeding *pro se* and *in forma pauperis* (IFP) in this case. (Doc. No. 5.) While IFP status does not relieve a party from paying the witness fee and mileage required by Rule 45, this court has recognized that there are no witness fees and mileage associated with a request for documents from the records custodian of the facility where an inmate is detained. *Windsor*, 175 F.R.D. at 670. Because Plaintiff only seeks to subpoena documents from the records custodian at ACDF, his failure to pay for witness fees and mileage does not bar service by the Marshals Service.

Plaintiff's "Request for United States Marshal's Service to Serve Subpoena Duces Tecum" (Doc. No. 30.) is **GRANTED IN PART**. The subpoena attached to Plaintiff's motion requested production of the documents at 1400 hours on August 26, 2010. That date has passed.

The Clerk is instructed to send Plaintiff a blank "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action," signed by the clerk in accordance with Federal Rule of Civil Procedure 45(a)(3).

**No later than September 8, 2010**, Defendants must confer with Plaintiff to establish a date and time that both Plaintiff and the records custodian will be available for the production of Plaintiff's medical records. To allow time for Plaintiff to complete the blank subpoena and return it to the Court and for service by the Marshal, this date must be no sooner than September 30, 2010 and no later than October 15, 2010.

Plaintiff shall return the completed subpoena to the Court no later than **September 20, 2010.** The Court then will arrange for service of the subpoena by the United States Marshals Service.

Dated this 30th day of August, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge