IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–00320–PAB–KMT

MARK ALAN STREPKA,

      Plaintiff,

v.

SERGEANT GERALD JONSGAARD, Individually and his official capacity as Aurora City Police Officer, and
CITY OF AURORA, COLORADO, a second class city and a municipal corporation of Colorado,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      The matter comes before the court on Defendants' "Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 20 [Mot.]), Plaintiff's "Opposition to Defendants' Partial Rule 12(b)(6) Motion"(Doc. No. 25 [Resp.]), and Defendants' Reply (Doc. No. 28 [Reply]). Defendants filed their motion on June 1, 2010, Plaintiff responded on June 24, 2010 and Defendants replied on July 12, 2010.  The motion is ripe for review and recommendation.

## STATEMENT OF THE CASE

      The following description is taken from Plaintiff's Prisoner Complaint (Doc. No. 3 [Compl.]) and the parties' submissions with respect to this Recommendation.  The case arises out of events pertaining to an alleged traffic offense by Plaintiff, Defendant Jonsgaard's alleged

use of force during his encounter with Plaintiff, and Plaintiff's arrest.  Plaintiff brings suit

pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

In his complaint, Plaintiff alleges that he was "accosted" by Defendant Jonsgaard on the

evening of January 20, 2009.  (*Id.* at 4.)  He asserts that he was a pedestrian at the time of the

encounter that occurred in the parking lot of a private commercial property.  (*Id.* at 4-5.)

Plaintiff alleges that, during the course of the encounter, Defendant Jonsgaard administered three

electric shocks with a taser, leaving Plaintiff stunned, immobilized and disoriented.  (*Id.* at 4.1.)

Defendant Jonsgaard then blind-side tackled him, pinning Plaintiff's left arm underneath him and

his right arm behind his back and raising it over his head.  (*Id.* at 5.)  Plaintiff also alleges that

Defendant Jonsgaard raised and slammed Plaintiff's head at least three times into the pavement.

(*Id.* at 5.1.)  According to Plaintiff, he never once made any physical or verbal threats towards

Defendant Jonsgaard or others.  (*Id.*)

Plaintiff alleges that he suffered broken bones in the pelvic region, a concussion,

numerous cuts, bruises, scrapes, contusions, an injured right shoulder and socket, and a set of

broken and irreparable prescription bi-focal glasses.  (*Id.* at 3.3.)  He claims that neither

Defendant Jonsgaard nor any other officer[1] summoned prompt medical attention or directed that

Plaintiff be taken to the hospital for medical treatment.  (*Id.* at 5.1.)  According to Plaintiff, the

medical doctor at the Arapahoe County Detention Facility eventually ordered that Plaintiff be

taken to the hospital and, seven days after the incident, an investigator from the public

---

[1] Plaintiff names only Jonsgaard as an individual defendant; he has not sued any other individual
officer.

2

defender's office took photographs of Plaintiff's visible injuries.  (*Id.* at 5.2.)  Plaintiff claims

that he still suffers from sharp pains in the pelvic region and blurry eye vision which is

worsening.  (*Id.* at 3.3.)

Plaintiff brings claims against Defendant Jonsgaard in his individual and official

capacities for excessive force and failure to provide and summon prompt medical attention and a

*Monell*[2] claim against the City of Aurora regarding the City's policies for the use of force by

peace officers, punishment by peace officers, and the provision of medical attention to arrestees.[3]

(*See id.* at 6-6.1.)  He seeks $500,000 in damages.  (*Id.* at 8.)

In their motion to dismiss, Defendants ask the court to take judicial notice of Plaintiff's

convictions for resisting arrest and vehicular eluding[4] which resulted from the encounter with

Defendant Jonsgaard.  (Mot. at 4.)  Defendants move to dismiss on the ground that a finding of

excessive force would necessarily imply the invalidity of Plaintiff's conviction for resisting

arrest so Plaintiff's excessive force claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

(*Id.* at 5-9.)  Defendants further argue that, because Plaintiff's excessive force claim must be

dismissed, Plaintiff cannot demonstrate a constitutional violation by Defendant Jonsgaard, and

---

[2] *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658 (1978).

[3] Defendants also read an unlawful arrest claim from Plaintiff's complaint; however, Plaintiff clarifies that he does not bring an unlawful arrest claim or a false arrest claim and has no "intention to raise any such claims, or effects thereof." (Resp. at 2.)  Accordingly, the court does not address Defendants' arguments regarding unlawful arrest.

[4] The court's description of the encounter is limited due to the vague and incomplete description provided by the parties.  For example, while the court gleans that the encounter arose out of a traffic violation, and understands that Plaintiff was in a vehicle at some point, Plaintiff's complaint describes events while Plaintiff was a pedestrian.  It is unclear how the encounter progressed from vehicle to foot and from traffic violation to vehicular eluding and resisting arrest.

therefore no action may lie against the City of Aurora.  (*Id.* at 10.)  Accordingly, Defendants

request dismissal of Plaintiff's *Monell* claims as well.  (*Id.*)

## LEGAL STANDARDS

*1.*    **Pro Se** *Plaintiff*

Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers

liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim on

which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may

not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has

violated laws in ways that a plaintiff has not alleged.  *Assoc. Gen. Contractors of Cal., Inc. v.*

*Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*,

113 F.3d 1170, 1173-74 (10th Cir. 1997) (refusing to "supply additional factual allegations to

round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.

1991) (declining to "construct arguments or theories for the plaintiff in the absence of any

discussion of those issues").

**2.      *Failure to State a Claim Upon Which Relief Can be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies the allegations in the complaint that are not entitled to the assumption of truth, that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citations omitted).

## ANALYSIS

### 1. *Applicability of* Heck v. Humphrey

In *Heck*, the Supreme Court considered whether a state prisoner could challenge the constitutionality of his state court conviction in a § 1983 civil suit for damages. The Court held,

> [I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (emphasis in original). The Court went on to direct that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487 (emphasis in original).  The Court then provided a hypothetical example of "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid:"

> A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a *lawful* arrest. . . .  He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures.  In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he was convicted. . . . [T]he § 1983 action will not lie.

*Id.* at 487 n.6.

As the Tenth Circuit has noted, "the starting point for the application of *Heck* [] is the existence of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action."  *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007).  The key inquiry is whether a plaintiff's success in the § 1983 action would *necessarily* invalidate that underlying conviction.  To make this determination, the court must consider the elements of the criminal offense of which the § 1983 plaintiff was convicted.  *See Martinez v. City of Alburquerque*, 184 F.3d 1123, 1125 (10th Cir. 1999) (noting that the *lawfulness* of the arrest in the Supreme Court's hypothetical was a necessary element of the criminal offense of resisting arrest); *Nelson v.*

7

*Jashurek*, 109 F.3d 142, 145 (3d Cir. 1997) (comparing elements of state criminal conviction and § 1983 claim).

Several circuits have considered similar cases in which a § 1983 plaintiff convicted of resisting arrest later brought suit claiming excessive force or unreasonable seizure in violation of the Fourth Amendment.  In *Martinez v. City of Alburquerque*, the plaintiff was convicted of resisting arrest in violation of N.M. Stat. Ann. § 30-22-1.  184 F.3d at 1124.  According to the criminal complaint, Martinez had solicited an undercover female police officer for sex while in his vehicle.  When surveilling officers approached the vehicle, he attempted to flee, but stopped several seconds later, locked the doors and rolled down the window, claiming that he had done nothing wrong.  When he refused to exit the vehicle, an officer reached in the window to unlock the door.  Martinez rolled up the window on the officer's arm.  Another officer struck Martinez in the face and unlocked the vehicle.  Martinez filed a § 1983 action, alleging that Albuquerque police officers used excessive force during the arrest, in violation of his right to be free from unreasonable seizures.

The New Mexico statute upon which the conviction was based provided that "resisting, evading or obstructing an officer consists of . . . intentionally fleeing, attempting to evade or evading an officer . . . when the person . . . has knowledge that the officer is attempting to apprehend or arrest him."  *Id.* at 1126 (citing N.M. Stat. Ann. § 30-22-1(B)).  The Tenth Circuit determined that the state court based the conviction on the fact that, prior to his arrest, Martinez initially fled in his vehicle.  *Id.*  The Circuit noted that "whether Martinez resisting arrest by initially fleeing the scene, is a question separate and distinct from whether the police officers

8

exercised excessive or unreasonable force in effectuating his arrest." *Id.* The Circuit held that a finding that the police officers used excessive force to arrest Martinez would not demonstrate the invalidity of Martinez's state court conviction for resisting arrest under these circumstances, and therefore his claim was not barred by *Heck*. *Id.*

The New Mexico statute also provided that "resisting, evading or obstructing an officer consists of . . . resisting or abusing any [] peace officer in the lawful discharge of his duties." *Id.* (citing N.M. Stat. Ann. § 30-22-1(D)). Notably, the Tenth Circuit found that, even if Martinez's conviction was based on his failure to heed the officers' instructions and his closing the vehicle window on an officer's arm, Martinez's § 1983 claim would not be barred by *Heck*. The Circuit held that, while Martinez's actions "might justify the officers' use of reasonable force to effectuate Martinez' arrest, [they] would not authorize the officers to employ excessive or unreasonable force in violation of Martinez' Fourth Amendment rights." *Id.* at 1127. Thus, resisting arrest for failure to heed instructions and for closing the vehicle's window on the officer's arm was "likewise a question separate and distinct from whether the police officers exercised excessive or unreasonable force in effectuating his arrest." *Id.* Accordingly, a state court finding that Martinez resisted a lawful arrest could coexist with a finding that police officers used excessive force to subdue him. *Id.*

Similarly, in *Nelson v. Jashurek*, Nelson was convicted of resisting arrest in violation of 18 Pa. Cons. Stat. Ann. § 5104. 109 F.3d at 144. Nelson filed suit under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights, which both the district and circuit court construed as a claim for excessive force under the Fourth Amendment. *Id.* at 145. An officer

had attempted to arrest Nelson for alleged parole violations.  Nelson disobeyed the officer's

orders to halt and instead ran away.  The officer caught him and they struggled.  Nelson then sat

down on a chair, and, when he got up, Nelson alleged that the officer beat him with a flashlight

and used excessive and malicious force to subdue him.

The Pennsylvania statute for resisting arrest provided that "a person is guilty of resisting

arrest if 'with the intent of preventing a public servant from effecting a lawful arrest, he creates a

substantial risk of bodily injury to the public servant [] or employs means justifying or requiring

substantial force to overcome the resistance.'" *Id.* (citing 18 Pa. Cons. Stat. Ann. § 5104).  The

jury charge in the state criminal case instructed the jury that, "if Nelson's actions 'did not justify

substantial force by [the officer], you must find Mr. Nelson not guilty.'" *Id.*  The Third Circuit

recognized that, to find Nelson guilty, the jury must have concluded that the officer was justified

in using substantial force; therefore, if Nelson's § 1983 action depended on demonstrating that

the officer was not justified in using substantial force, it would be barred by *Heck*.  *Id.*  However,

the Circuit explained, the fact that the officer was justified in using substantial force did not

mean that he was justified in using an excessive amount of force, and thus did not mean that his

actions were necessarily objectively reasonable within the meaning of the Fourth Amendment.

*Id.*  Conversely, a finding that the officer used excessive substantial force would not imply that

the arrest was unlawful, only that the officer had effectuated a lawful arrest in an unlawful

manner.  *See id.* at 145-46 (distinguishing the Supreme Court's hypothetical in *Heck*).  The

Circuit warned the district court on remand that, if the § 1983 suit went to trial, the court must

instruct the jury that the officer was justified in using "substantial force" to ensure that any

10

finding by the jury that the officer used excessive force, would be a finding of excessive

substantial force and would not thereby undermine the state conviction. *Id.* at 146.

In connection with this case, Plaintiff was convicted of resisting arrest pursuant to Colo.

Rev. Stat. § 18-8-103,[5] which provides that

> a person commits resisting arrest if he knowingly prevents or attempts to prevent
> a peace officer, acting under color of his official authority from effecting an arrest
> of the actor or another, by:
>> (a) using or threatening to use physical force or violence against the peace
>> officer or another; or
>> (b) using any other means which creates a substantial risk of causing
>> bodily injury to the peace officer or another.

Section 18-8-103 goes on to state that

> it is no defense to a prosecution under this section that the peace officer was
> attempting to make an arrest which in fact was unlawful, if . . . in attempting to
> make the arrest he was not resorting to unreasonable or excessive force giving
> rise to the right of self-defense.

*Id.* The model Colorado Criminal Jury Instruction for the offense of resisting arrest states:

> The elements of the crime of resisting arrest are:
> 1.      That the defendant,
> 2.      in the State of Colorado, at or about the date and place charged,

---

[5] The court may take judicial notice of documents in the public record, including state court files, without converting Defendants' motion to dismiss into a motion for summary judgment. *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n.7 (10th Cir. 2008) (taking judicial notice of documents in the public record); *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008) (considering documents attached to the complaint as well as materials in state court file); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004) (noting that facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment).  While Defendants assert that Plaintiff was convicted of resisting arrest pursuant to Colo. Rev. Stat. § 18-8-103 and attach jury instructions from Plaintiff's state court trial that describe the elements of resisting arrest, none of the documents Defendants provide demonstrate that Colo. Rev. Stat. § 18-8-103 is the statutory source of the offense. (*See* Mot. Ex. A; Reply Ex. A.)  Plaintiff, however, attaches a printout from the Integrated Colorado Online Network (ICON) for his state court case which confirms that he was found guilty of resisting arrest, as described in Colo. Rev. Stat. § 18-8-103.  (Resp. Ex. 1.)

3.      knowingly,

4.      prevented or attempted to prevent a peace officer,

5.      acting under color of his official authority,

6.      from effecting an arrest of [the defendant][another],

[7.     by using or threatening to use [physical force][violence],

8.      against [the peace officer][another].]

-or-

[7.     by using any means which creates a substantial risk of causing physical injury,

8.      to [the peace officer][another].]

[9.     *without the affirmative defense in instruction number* _____.]

Colo. Jury Instr. Crim. 25:02 (emphasis added).

Defendants contend that "all of the actions of [Defendant] Jonsgaard upon which the Plaintiff bases his claims occurred during Plaintiff's arrest . . . ." (Mot. at 6.) They argue that, because an officer's use of excessive force is an affirmative defense to the crime of resisting arrest, the implication of Plaintiff's conviction for resisting arrest is that Defendant Jonsgaard did not use excessive force during the arrest. (*Id.* at 7.) Accordingly, Defendants maintain that a determination in this § 1983 suit that Defendant Jonsgaard's actions amounted to excessive force would necessarily mean that Plaintiff's conviction for resisting arrest was invalid. (*Id.*)

First, unlike the Pennsylvania statute in *Nelson*, which makes an officer's use of "substantial force" an element of the offense in certain circumstances, an officer's use of force is not an element of the offense of resisting arrest in Colorado. As the statute and jury instruction demonstrate, the only consideration of force necessary for a conviction in Colorado is whether the criminal defendant used or threatened to use physical force or violence or used any means creating a substantial risk of causing physical injury. Because an officer's use of force is not a

necessary element of the offense of resisting arrest, a finding that he used excessive force would not invalidate the conviction.

Nevertheless, because the statute recognizes an affirmative defense for self-defense, an argument could be made that, when a criminal defendant raises excessive force as an affirmative defense, and the question is submitted to the jury, a jury must necessarily determine that the officer's use of force was not excessive before convicting the criminal defendant of resisting arrest.  In such a situation, a finding of excessive force in a § 1983 action would undermine the criminal conviction.  This is the argument that Defendants attempt to make.  However, it assumes that Plaintiff raised the defense of excessive force at his state trial for the jury's consideration.  Defendants have provided no evidence that Plaintiff did affirmatively raise this defense.

The jury instruction actually submitted to the jury in Plaintiff's criminal case, which Defendants provide as an exhibit to their reply, stated:

The elements of the crime of Resisting Arrest are:
1.      That the defendant,
2.      in the State of Colorado, at or about the date and place charged,
3.      knowingly,
4.      prevented or attempted to prevent a peace officer,
5.      acting under color of his official authority,
6.      from effecting an arrest of the defendant,
7.      by using or threatening to use physical force or violence,
8.      against the peace officer,
9.      by using any means which creates a substantial risk of causing physical injury,
10.     to the peace officer.

(Reply, Ex. A.)  The jury was not instructed on the affirmative defense of excessive force by the arresting officer and neither party has given the court reason to believe that Plaintiff raised this defense at his criminal trial.  Accordingly, there is nothing to establish that the jury made any determination regarding Defendant Jonsgaard's use of force or that such a determination was necessary to Plaintiff's conviction for resisting arrest.  Indeed, the jury instruction that was given directed the jury to consider only Plaintiff's actions during the encounter.  As a result, the conviction was based only on Plaintiff's actions, not those of Defendant Jonsgaard.[6]  Again, because a finding in this suit that Defendant Jonsgaard used excessive force would not invalidate the conviction, Plaintiff's excessive force claim is not barred by *Heck*.

In his response, Plaintiff offers an alternate argument regarding the applicability of *Heck*, distinguishing between the criminal charges and the physical encounter in which he alleges that Defendant Jonsgaard used excessive force.  Plaintiff characterizes the events as consisting of three parts: 1) a chase involving vehicular eluding and resisting arrest, 2) termination of the pursuit, and 3) seizure and arrest.  (Resp. at 10.)  Plaintiff contends that the events that give rise to the charges of vehicular eluding and resisting arrest culminated before Defendant Jonsgaard's use of force in affecting the arrest.  (Id. at 12.)  Thus, much like the plaintiff in *Martinez*, Plaintiff argues that the conviction for resisting arrest was based on events prior to Defendant

---

[6] The court recognizes that a criminal defendant could attempt to "game the system" by refusing to raise excessive force as an affirmative defense in hopes of later pursuing damages in a § 1983 civil suit, but finds this possibility farfetched given the alternatives of a criminal conviction as opposed to a remote and distant award of damages.

Jonsgaard's efforts to effectuate the arrest and is a question separate and distinct from whether Defendant Jonsgaard used excessive force in effectuating the arrest.

While Plaintiff properly invokes the legal principle from *Martinez*, the court has insufficient factual information with which to evaluate Plaintiff's argument and finds it inappropriate for resolution on a motion to dismiss.  Neither of the parties have provided a complete description of the encounter.  Whether the conviction for resisting arrest was based on prior events, or on Plaintiff's actions during Defendant Jonsgaard's efforts to arrest him on other charges, is unclear on the record provided.  However, the parties' arguments suggest a factual dispute that precludes treatment of this issue at this stage of the proceedings.

## 2.    *Plaintiff's* **Monell** *claims*

Based on the assumption that Plaintiff's excessive force claim is barred by *Heck*, Defendants argue that Plaintiff cannot demonstrate any unconstitutional conduct by Defendant Jonsgaard with respect to the arrest and therefore no action may lie against the City of Aurora. (Mot. at 10.)  Accordingly, Defendants seek dismissal of Plaintiff's *Monell* claims against the City.  Given the conclusion that *Heck* does not bar Plaintiff's claim for excessive force, this argument lacks merit and should be denied.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 20) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of November, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge