IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00320-PAB-KMT

MARK ALAN STREPKA,

    Plaintiff,

v.

SERGEANT GERALD JONSGAARD, individually and in his official
capacity as Aurora City Police Officer, and
CITY OF AURORA, COLORADO, a second class city and a municipal
corporation of Colorado,

    Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya filed on November 8, 2010 [Docket No. 62]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on November 8, 2010. No party has objected to the Recommendation.

    In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party

objects to those findings"). In this matter, I have reviewed the Recommendation to satisfy myself that there is "no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge [Docket No. 62] is ACCEPTED.

2. Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 20] is DENIED.

DATED November 29, 2010.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).