IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-00320-RBJ-KMT

MARK ALAN STREPKA,

     Plaintiff,

v.

SERGEANT GERALD JONSGAARD, individually and in his official capacity as Aurora City
Police Officer, and
CITY OF AURORA, COLORADO, a second class city and a municipal corporation of Colorado

     Defendants.

_____

ORDER

_____

This matter is before the Court on Defendant City of Aurora's Amended Motion for

Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).  Docket #142.[1]  Defendant City of

Aurora filed its Motion on November 28, 2011.  Plaintiff Mark Alan Strepka did not respond.

**Facts**

This action arises out of an incident occurring on January 20, 2009 in which plaintiff

Mark Alan Strepka alleges he was shot with a Taser gun, pinned to the ground, and had his head

slammed into the pavement by Sergeant Gerald Jonsgaard during the course of an arrest.  Mr.

Strepka alleges that he suffered serious injuries and was not given prompt or adequate medical

attention.  Mr. Strepka brought suit pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth

Amendments for injuries resulting from Sergeant Jonsgaard's use of force.  Mr. Strepka also

---

[1] Docket #141 is a duplicate motion without Defendant's attached Exhibit.  The Court will reference Docket #142 as
it contains the complete filing.

1

alleges that the City of Aurora maintains policies allowing the use of excessive force during the course of an arrest and failing to provide prompt and adequate medical attention to arrestees.

On November 16, 2011 this Court affirmed Magistrate Judge Tafoya's recommendation granting Defendant Sergeant Jonsgaard's Motion for Summary Judgment (Docket #118). Accordingly, all claims asserted against Sergeant Jonsgaard were dismissed (Docket #139). Remaining defendant City of Aurora now seeks to dismiss all claims asserted against it pursuant to Fed. R. Civ. P. 12(c).

**Standard**

A motion for judgment on the pleadings may be filed "[a]fter the pleadings are closed – but early enough not to delay trial…" Fed. R. Civ. P. 12(c). A dismissal under Rule 12(c) is reviewed "under the standard of review applicable to a Rule 12(b)(6) motion to dismiss." *Morris v. City of Colorado Springs*, 666 F.3d 654 (10th Cir. 2012) (citing *Nelson v. State Farm Mut. Auto Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005)). A dismissal pursuant to Rule 12(b)(6) is only proper when "the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." *Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1240 (10th Cir. 2003).

**Conclusions**

The City of Aurora argues that all claims asserted against it must be dismissed because Mr. Strepka has failed to prove any constitutional violation by Sergeant Jonsgaard, and no liability may lie with a municipality absent a showing of a constitutional violation committed by its agent.

In this Court's November 16, 2011 Order, the Court found that "Defendant Jonsgaard's use of force was reasonable and justified. The Court agrees with the Magistrate that plaintiff has

failed to establish that Defendant Jonsgaard's conduct violated clearly established law." Docket #139.[2]  The Tenth Circuit has held that "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).  "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beyond the point."  *Heller*, 475 U.S. at 799.

Here, Mr. Strepka has not demonstrated that Defendant Jonsgaard inflicted any constitutional harm.  Moreover, he has filed no response to the motion.  When asked about his failure to respond during a status conference on February 13, 2012, Mr. Strepka, who is representing himself *pro se,* explained that he was in transition between the Department of Corrections and a community corrections facility in mid-December, 2011, when his response was due.  However, he has not requested leave to file a response out of time in the approximately two months since then.  Moreover, Mr. Strepka acknowledged that his case focuses on the actions of Sgt. Jonsgaard.  He proposed that the Court grant his pending motion to certify its order dismissing the claims against Sgt. Jonsgaard as a final order under Fed. R. Civ. P. 54(b) so that he can appeal from that order, and that the Court meanwhile hold his claim in abeyance until the Jonsgaard issue is resolved in the Tenth Circuit.

The Court declines to accept that proposal.  First, the motion for judgment on the pleadings must be granted both on its merits and because Mr. Strepka has effectively confessed it by failing to file any response.  Second, upon the granting of that motion, there is a final judgment from which Mr. Strepka can appeal without the necessity of a Rule 54(b) certification.

---

[2] The Court may consider its previous Order without turning the motion to dismiss into a motion for summary judgment. *See State Farm Mut. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n. 7 (10th Cir. 2008).

If the appellate court reverses and remands the dismissal of the claims against Sgt. Jonsgaard, then it follows that it would also reinstate the claim against the City.

**Order**

1.  The City of Aurora's Amended Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) [#142] is GRANTED.  The claims against the City of Aurora are dismissed with prejudice.

2.  Plaintiff's Motion in Limine (#140), Defendant's initial Motion for Judgment on the Pleadings [#141], Plaintiff's Motion for Civil Rule 54(b) Certification [#152], and Defendant's Motion to Amend the Final Pretrial Order [#153] are DENIED as MOOT.

3.  Today's order granting the City's Motion for Judgment on the Pleadings in conjunction with the Court's order of November 16, 2011 affirming the recommendations of the magistrate judge and granting summary judgment dismissing plaintiff's claims against Sgt. Jonsgaard [#139] collectively constitute this Court's final order of judgment dismissing all of the plaintiff's claims and this civil action with prejudice.

DATED this 15th day of February, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

4